UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x      15 Civ. 5430 (PGG)(HBP)
JOSIY VIERA and JAMES GOSSELIN,

                                Plaintiff(s),
       - against -                                RUMC'S MEMORANDUM OF
                                                    OF LAW IN PARTIAL
THE CITY OF NEW YORK and RICHMOND         OPPOSITION TO GOSSELIN'S
UNIVERSITY MEDICAL CENTER,                  MOTION FOR VOLUNTARY
                                                      DISMISSAL WITH PREJUDICE
                                Defendant(s).
------------------------------------------------------------x

## PRELIMINARY STATEMENT

Defendant, Richmond University Medical Center ("RUMC"), submits partial opposition to plaintiff, James Gosselin's motion for voluntary dismissal with prejudice pursuant to *Fed R Civ P* 41(a)(2). RUMC does not oppose Mr. Gosselin's dismissal with prejudice but requests remedial terms and opposes Gosselin's condition that the dismissal be without costs and attorneys' fees. Neither Mr. Gosselin nor plaintiffs' counsel provide any reasons for seeking a dismissal with prejudice at this time and provides the Court with no procedural history for context. Mr. Gosselin made false statements at his deposition by fabricating a long, distinguished, and heroic military career in an effort to enhance his image in the minds of the Court and jurors. When ordered by the Court to respond to RUMC's Requests for Admissions regarding his military service, Mr. Gosselin invoked the Fifth Amendment right against self-incrimination. Mr. Gosselin has poisoned the well of evidence and the rules of equity require that co-plaintiff, Ms. Viera, not benefit from actions and testimony of this proven bad actor.

## PROCEDURAL HISTORY

As it pertains to RUMC, Mr. Gosselin's action alleges discrimination in a hospital setting based on Ms. Viera being deaf during an Emergency Department admission regarding the broken

leg of plaintiffs' infant son. As Mr. Gosselin seeks voluntary dismissal with prejudice of his claims now, RUMC intends to only file a motion for summary judgment regarding Ms. Viera's claims which motion is due by July 27, 2016. On May 12, 2016, a pre-motion hearing was held with Judge Gardephe to discuss the parties' proposed summary judgment motions. By letter dated June 14, 2016, plaintiffs' counsel informed Judge Gardephe that plaintiffs do not intend to rely on Mr. Gosselin, or his prior testimony, as a non-party witness/declarant in either motion practice or trial. *See Docket No. 59.* On June 27, 2016, plaintiffs' counsel on behalf of Ms. Viera served a summary judgment motion against the City of New York. Said motion was not supported by any evidence provided by Mr. Gosselin. No summary judgment motion was served by plaintiffs against RUMC. Mr. Gosselin now files his formal application for a voluntary dismissal with prejudice by Notice of Motion dated July 5, 2016 and at a time after the pre-motion conference, after Ms. Viera's service of her summary judgment motion, and just three weeks before defendants' motions for summary judgment are due. *See Docket No. 47.*

## FALSE TESTIMONY BY MR. GOSSELIN

Mr. Gosselin falsely testified at his deposition that he served in active war zones with the United States Army where he sustained fourteen gunshots to his legs requiring hardware in both legs; had screws and rods implanted in his legs; was in a wheelchair for a year following his battle injuries; and was awarded the Silver Star and Purple Heart. *See Docket No 43* (Lenza letter dated April 20, 2016). A FOIA response from the National Personnel Records Center regarding Mr. Gosselin confirmed the false testimony as it stated in pertinent part: "[w]e were able to verify that the individual served in the United States Army; however, no active duty was performed other than for training purposes." *See Docket No 50* (Lenza letter dated May 13, 2016). By Order dated May 16, 2016, Judge Gardephe ordered defendants to provide him with

documents and transcripts concerning Mr. Gosselin's military service and right leg hardware. *See Docket No. 48.* Defendants timely complied with this Order and provided said materials to Judge Gardephe's chambers which included said FOIA response as well as Mr. Gosselin's prior testimony and other related materials. To date, Judge Gardephe has not issued any rulings regarding his review of the submitted documents. Those records establish that Mr. Gosselin made habitual false statements to hospital staff and the City's ACS regarding his military service. By endorsed memo dated June 1, 2016, Judge Gardephe further directed Mr. Gosselin to respond to RUMC's Request for Admissions concerning his military service. *See Docket No. 52.* By letter dated June 9, 2016, defendants informed Judge Gardephe that plaintiffs' counsel on behalf of Mr. Gosselin invoked the Fifth Amendment privilege against self-incrimination in responding to both requests for admissions regarding Mr. Gosselin's military service. *See Docket No. 55* (Lenza letter dated June 9, 2016).

Based on the above and Mr. Gosselin's silence on the reason he seeks a voluntary dismissal with prejudice, it should be determined by this Court that the only conclusion to be drawn is that Mr. Gosselin provided false and prejudicial testimony at his deposition and attempted to poison the wells of justice but for the unraveling of his grandiose claims of military service. His false testimony was designed to improve the chances of success of both his and Ms. Viera's claims and sought an unfair advantage in this litigation at defendants' expense. Mr. Gosselin attempted to paint "a self-portrait of valor and courage which surely...[would enhance]...his image in the minds of jurors." *Sears v. United States*, 791 FSupp 950, 954 (NDNY, April 16, 1992). It has been held that a witness' credibility is material to the fact finder's consideration of the case and the fact that credibility might affect the outcome of a case means that credibility is material. *Id.* at 953; *United States v. Sablosky*, 810 F2d 167, 169 (8th

Cir) cert denied 484 US 833 (1987); *United States v. Scivola*, 766 F2d 37 (1st Cir 1985). Mr. Gosselin having brought this action with his fiancé, Ms. Viera, now seeks to extricate himself from this action without explanation and without penalty so that his proven lies would not affect Ms. Viera's claim. It is for this reason that RUMC requests equitable terms so as not to prejudice defendants.

## REQUESTED TERMS

*Rule* 41(a)(2) states in pertinent part: "an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper.*" *Fed R Civ P* 41. It is suggested that since Mr. Gosselin's fiancé, Ms. Viera, would remain as a plaintiff following Mr. Gosselin's dismissal, there are other interests at stake here which require equitable terms to avoid prejudice to defendants. *See generally Beer v. John Hancock Life Ins. Co.*, 211 FRD 67 (NDNY 2002). Accordingly, RUMC requests the following terms.

RUMC requests that Ms. Viera be precluded from relying on Mr. Gosselin in any way in motion practice and at trial including all live and prior testimony and statements. Plaintiffs' counsel already represented same to Judge Gardephe. *See Docket No. 59.*

RUMC requests it be permitted to use Mr. Gosselin's prior sworn testimony in motion practice and at trial as if he was still a plaintiff pursuant to *Rule* 32(a)(1) and that there is no need to establish unavailability. *Fed R Civ P* 32(a)(1).

RUMC requests that Ms. Viera be bound by any testimony Mr. Gosselin provided that is offered by RUMC. It is suggested that any other outcome would further enable Mr. Gosselin's scheme of defrauding this Court and would thereby greatly prejudice defendants. For example, RUMC intends to utilize certain prior testimony of Mr. Gosselin in motion practice and potential trial which is supportive of the defense and it would be wholly unfair to defendants if Ms. Viera

is now permitted to dispute those statements by her current co-plaintiff and fiancé.

RUMC requests that Ms. Viera be precluded from offering any evidence at trial regarding Mr. Gosselin's military service.

RUMC requests that Ms. Viera's linguistic expert, Dr. Kegl, be precluded from relying on her interview with Mr. Gosselin which was videotaped and any other information provided by Mr. Gosselin to Dr. Kegl. RUMC further requests that Dr. Kegl be produced for a further deposition to determine which of her opinions, if any, would change based on the preclusion of information from Mr. Gosselin. RUMC further requests that plaintiffs bear the costs of Dr. Kegl's further deposition.

RUMC requests that Mr. Gosselin be compelled to answer RUMC's Request for Admissions concerning his military service without an assertion of the Fifth Amendment privilege before he is dismissed from this action and given a de facto pardon for his false testimony. "A witness who fails to invoke the Fifth Amendment against questions as to which he could have claimed it is deemed to have waived his privilege respecting all questions on the same subject matter." *United States v. O'Henry's Film Works, Inc.*, 598 F2d 313, 317 (2d Cir 1979) (*citing Rogers v. United States*, 340 US 367 (1951)). If the privilege is waived to testimonial admissions, it is waived as to documentary admissions on the same subject matter as well. *See Rogers*, 340 US at 371, *United States v. St. Pierre*, 132 F2d 837 (2d Cir 1942). Mr. Gosselin did not assert the Fifth Amendment privilege at his deposition when questioned about his military service and therefore he has waived said privilege when RUMC seeks documentary admissions on the same subject matter in the form of a Request for Admissions. *See In re Donald Sheldon & Co., Inc.*, 93 FSupp2d 503 (SDNY 2000).

## ATTORNEYS' FEES, EXPERT FEES, AND COSTS

It is offensive to the principles of justice that Mr. Gosselin who was caught giving false testimony seeks to dictate the conditions of his voluntary dismissal without attorneys' fees and costs. "A voluntary dismissal with prejudice is 'tantamount to a judgment on the merits,' and, therefore, a district court may in its discretion award attorneys' fees following a dismissal." *Ritchie v. Gano*, 754 FSupp2d 605, 608 (SDNY 2010)(*citing Beer v. John Hancock Life Ins. Co.*, 211 FRD 67, 70 (NDNY 2002). [A] court examines a range of factors to determine whether an attorneys' fee award is appropriate, such as frivolousness, motivation, objective unreasonableness, and deterrence. *Ritchie, supra*, at 609 (*citing Fogerty v. Fantasy, Inc.*, 510 US 517, 535 (1994)). A substantial amount of time by this office was devoted to the issues surrounding Mr. Gosselin's false testimony and related legal issues. In addition, Mr. Gosselin claimed a violation of the *New York City Human Rights Law* ("City HRL") which specifically allows for attorneys' fees, expert fees, and other costs to the prevailing party. *See Docket No. 1*, Complaint ¶¶103-114; *NYC Admin Code* §8-502(g). Section §8-502(g) of the City HRL states: "[i]n any civil action commenced pursuant to this section, the court, in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs." *Id.*

## CONCLUSION

For the above reasons, it is respectfully requested that Mr. Gosselin's dismissal be with prejudice, with the requested terms, and with reasonable attorney's fees, expert fees and other costs.

Dated: July 12, 2016
   Staten Island, New York

                  AMABILE & ERMAN, P.C.

                  ANTHONY A. LENZA, JR., Esq. (2680)

alenza@amabile-erman.com
ECF login: lenza
Attorneys for Defendant
RICHMOND UNIVERSITY MEDICAL CENTER
1000 South Avenue
Staten Island, New York 10314
(718) 370-7030