UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| JOSIY VIERA and JAMES GOSSELIN, | 15-cv-5430-(PGG) (HBP) |
| Plaintiffs, | |
| v. | **REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR PARTIAL VOLUNTARY DISMISSAL WITH PREJUDICE** |
| THE CITY OF NEW YORK and RICHMOND UNIVERSITY MEDICAL CENTER, | |
| Defendants. | |

-----------------------------------------------------------------

Plaintiff James Gosselin, through his undersigned counsel, EISENBERG & BAUM, LLP, submits this REPLY in response to Defendant's, RICHMOND UNIVERSITY MEDICAL CENTER ("RUMC"), Memorandum of Law in Partial Opposition to Gosselin's Motion of Voluntary Dismissal with Prejudice. As a number of the terms Defendant requested in its Memorandum were addressed and settled during the July 22, 2016 conference before the Honorable Judge Henry Pitman, Plaintiff will focus his Reply on the outstanding issues still before the Court. Plaintiff now respectfully requests that the Court deny the terms addressed in this Reply and grant Plaintiff's request for his claims to be voluntarily dismissed, with prejudice.

### A. Plaintiff Viera should not be bound by Plaintiff Gosselin's testimony

In Defendant's Response, RUMC requests that Plaintiff Viera be "bound by any testimony Mr. Gosselin provided that is offered by RUMC." (Doc. 66, p. 4) RUMC goes on to make a general and speculative claim that it will be prejudiced if this term is not granted and Plaintiff Viera is allowed to dispute statements made by Plaintiff Gosselin. Without any legal authority cited to support this request, RUMC seeks to dictate the testimony of Plaintiff Viera, essentially

forcing her to be bound to Plaintiff Gosselin's perception and memory of the events underlying her claims. This is patently improper and serves to hold Plaintiff Viera accountable for statements she did not make and which her own testimony may contradict. To the extent that Defendant seeks to impeach Plaintiff Viera's testimony, it is free to do so by introducing evidence that contradicts *Plaintiff Viera's* testimony. As such, Plaintiff is hard pressed to see how Defendant will be prejudiced if this term is denied.

### B. Defendant is not entitled to attorney's fees

"Under the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985). "The Second Circuit has further held that the showing necessary for an award of attorneys' fees in connection with a voluntary dismissal with prejudice under Rule 41(a)(2) is extremely high." *Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67 (N.D.N.Y. 2002) (citing Colombrito, 764 F.2d at 134-35). Here, this showing has not been met and "defendants have presented insufficient evidence that plaintiff commenced the litigation wantonly, or for purposes of harassment, delay or other improper purposes." *Id.* If Plaintiff Viera was deprived of her right to have effective communication during her son's treatment at RUMC, both she and her fiancé, Mr. Gosselin, had every right to enforce her rights by bringing this lawsuit. *See Id.* Additionally, once Plaintiff Gosselin was confronted with the alleged evidence that he made perjurious statements, he "did not persevere in his fight against defendants in the hope of forcing a settlement or succeeding at trial by presenting questionable evidence. Similarly, plaintiff did not continue the litigation to await the outcome of a potentially costly motion for summary judgment. Rather, he reevaluated his litigation position in light of the evidence gathered through the discovery process and opted to discontinue the action and forego all rights to recommence it." *Id.* at 68-70.

Plaintiff Gosselin's claims are not marked as frivolous, improperly motivated, or objectively unreasonable. *See Ritchie v. Gano*, 754 F. Supp. 2d 605, 609 (S.D.N.Y. 2010). Defendant has not presented a history of Plaintiff Gosselin filing meritless claims only to withdraw them. In fact, there is no evidence or depositional testimony that calls into question the merit of Plaintiff Gosselin's claims; the alleged perjurious statements are not material and the documents Defendant gathered would not have been allowed into evidence under the clear guidelines of Fed. R. Evid. 608. Additionally, Plaintiff Gosselin's claims are associational in nature, and despite the voluntary dismissal with prejudice of Plaintiff Gosselin's claims, Plaintiff Viera's claims will continue. These remaining claims would have been explored through the discovery process regardless of whether Plaintiff Gosselin's claims had ever been filed; thus, Defendant cannot rightfully claim fees for litigating the surviving claims. Plaintiff Gosselin submits that this includes the attorney's fees for the preparation and taking of his deposition, as Defendant would have undoubtedly pursued Mr. Gosselin's testimony as a non-party witness to the events upon which Plaintiff Viera's claims are based. Finally, if the Court is inclined to allow Defendant to rely upon certain portions of Plaintiff Gosselin's testimony, then the fees associated with the preparation and taking of his deposition are rightly incurred by the Defendant.

## Conclusion

Defendant's memorandum is rife with baseless and offensive accusations in an attempt to support its unreasonable requests for terms and conditions of Plaintiff Gosselin's motion to voluntarily dismiss his claims, with prejudice. Plaintiff informed Defendants of his intention to dismiss his claims, with prejudice, on June 7, 2016. Plaintiff was open and willing to entertain Defendants' requests for certain terms; however, neither Defendant put forth specific terms until the July 15, 2016 conference. Additionally, despite the fact that Plaintiff Gosselin's Motion to

Voluntarily Dismiss with Prejudice is outstanding and despite the fact that this Court ordered Defendant to provide the portions of Plaintiff Gosselin's deposition testimony it wishes to rely upon in order to adequately access RUMC's request and its declarations of prejudice, RUMC went ahead and served Plaintiffs with its summary judgement motion on July 18, 2016, in which it freely uses and relies upon Mr. Gosselin's deposition testimony.  Plaintiff respectfully asks that this Court deny Defendant's requests, as addressed in this Reply, and grant Plaintiff's motion for the voluntary dismissal of his claims, with prejudice, with the reasonable terms and conditions to which Plaintiff has already agreed and for such further relief that the Court deems just and proper.

Dated: July 18, 2016
       New York, NY                              Respectfully submitted,

                                                    EISENBERG & BAUM, LLP

                                                    By: _____
                                                    Andrew Rozynski, Esq.

                                                  By: _____

                                                  Leah Wiederhorn, Esq.

                                                  24 Union Square East, Fourth Floor
                                                  New York, NY 10003
                                                  (212) 353-8700
                                                  arozynski@eandblaw.com
                                                  lwiederhorn@eandblaw.com